Filed in Adams District Court
*** EFILED ***
Case Number: D14CI220000017
Transaction ID: 0017846400
Filing Date: 04/13/2022 05:15:10 PM CST

IN THE DISTRICT COURT OF ADAMS COUNTY, NEBRASKA

| | | |
|---|---|---|
| RADHA BHAKTA d/b/a THE GRAND MOTEL, an individual, | ) ) ) | CASE NO. CI 22-_____ |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **COMPLAINT AND DEMAND FOR TRIAL BY JURY** |
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation, | ) ) ) | |
| Defendant. | ) ) ) ) ) | |

Plaintiff Radha Bhakta d/b/a The Grand Motel ("Ms. Bhakta"), for her Complaint and Demand for Trial by Jury, alleges:

### I. PARTIES, JURISDICTION, AND VENUE

1. Ms. Bhakta is an individual residing and doing business in Adams County, Nebraska.

2. Defendant State Farm Fire and Casualty Company ("State Farm") is an Illinois corporation authorized to sell and underwrite property loss casualty insurance policies in the State of Nebraska. State Farm's registered agent for service of process in the State of Nebraska is CSC-Lawyers Incorporating Service Company, 233 South 13th Street, Suite 1900, Lincoln, Nebraska 68508.

3. This Court has jurisdiction over the parties pursuant to Neb. Rev. Stat. § 25-536. Venue is proper in Adams County, Nebraska pursuant to Neb. Rev. Stat. § 25-403.01.

### II. FACTS

4. Ms. Bhakta is and was at all relevant times the owner of real property and motel improvements (collectively, the "Motel") located at 201 East J Street, Hastings, Nebraska.

5. In approximately 2015, a new roof (the "Roof") was installed on the Motel using Atlas Roofing Pinnacle Pristine shingles with fiberglass mating. The existing shingles are the "Pristine Sienna" color, as that color was produced in 2015.

6. The Roof installed at the Motel in approximately 2015 remains in use.

EXHIBIT 1

7. Ms. Bhakta is the insured under the "Businessowners Policy" purchased by Ms. Bhakta and underwritten by State Farm as Policy No. 97BXM0379 (the "Policy").

8. Under its terms, the Policy provides replacement cost coverage of up to $813,900.00 for insured losses sustained to the Motel occurring between October 30, 2019, and October 30, 2020. Specifically, State Farm agreed Section I of the Policy's Business Owners Coverage Form to "pay for accidental physical loss to [the Motel]" in the amount equal to "the cost of repairing or replacing the lost or damaged property". (See Section I-Conditions, paragraph "e"). In addition, State Farm agreed in the Policy to pay up to $81,390.00 for the "[i]ncreased cost to comply with the enforcement of an ordinance or law in the course of repair, rebuilding or replacement of damaged parts of that property". (See Section I-Extensions of Coverage, paragraph 9).

9. On or about July 27, 2020, a hail and wind storm (the "Storm") occurred in the greater Hastings, Nebraska area.

10. The Motel sustained severe damage to, among other things, its roofing, gutters, downspouts, roof vents, rain caps, as a direct and proximate result of the Storm. Indeed, the Storm inflicted round hail impact marks on the shingles across the Roof in which the existing shingles' granules became displaced and embedded into the shingles' mats.

11. Ms. Bhakta timely tendered a claim to State Farm seeking coverage under the Policy for the losses sustained to the Motel as a result of the Storm. State Farm thereafter designated Ms. Bhakta's claim (the "Claim") as Claim No. 27-10P5-18F.

12. On or about September 17, 2020, State Farm's representative inspected the Motel in connection with the Claim.

13. On or about September 18, 2020, State Farm issued to Ms. Bhakta a replacement cost estimate (the "Loss Estimate") which State Farm alleged that the full replacement cost value for the Claim was $15,061.69 and that some, but not all, of the roofing on the Motel had sustained damage as a result of the Storm. Specifically, State Farm granted replacement cost coverage in the Loss Estimate for the replacement of 9.33 squares of the Atlas Roofing Pinnacle Pristine shingles installed in 2015 while refusing coverage as to the remainder of the Roof.

14. Following State Farm's issuance of the Loss Estimate, the public adjuster hired by Ms. Bhakta, Premier Claims, LLC ("Premier Claims"), produced photographic evidence to State

Farm demonstrating that the Roof had sustained functional hail damage far in excess of the 9.33 squares referenced in the Loss Estimate.

15. Following State Farm's issuance of the Loss Estimate, Premier Claims provided evidence to State Farm demonstrating the manufacturer of the existing shingles on the Roof, Atlas Roofing, had discontinued production of the Pinnacle Pristine shingles installed on the Roof in 2015. Indeed, the Pinnacle Pristine shingles now produced are three inches (3") long in width than the Pinnacle Pristine shingles installed in 2015. Further, the version of the "Pristine Sienna" color utilized by Atlas Roofing for the manufacturing of Pinnacle Pristine shingles is much darker than the previous version utilized in producing the Pinnacle Pristine shingles installed in 2015. As a result, the installation of the 9.33 squares of "Pristine Sienna" Pinnacle Pristine Shingles using materials available for purchase, as designated by State Farm in the Loss Estimate, would not reasonably match the existing shingles in quality, color, or size so as to confirm to a reasonably uniform appearance.

16. State Farm has failed or refused to modify the scope of coverage set forth in the Loss Estimate.

17. Ms. Bhakta is entitled under the Policy to, among other things, replacement cost coverage for the replacement of the entire Roof at the Motel.

18. Ms. Bhakta is entitled to a total of $78.215.55 in replacement cost coverage for the Claim.

19. Ms. Bhakta has sustained $63,153.86, or more as proved by the evidence, in damages as a result of State Farm's failure of refusal to provide coverage to Ms. Bhakta for the Claim in accordance with the Policy. Such amount is calculated as follows:

$78,215.55 Replacement Cost Value for Covered Losses

-$15,061.69 Replacement Cost Value Coverage Previously Granted

$63,153.86

### III. FIRST THEORY OF RECOVERY
### (BREACH OF CONTRACT: PRIMARY REPLACMENT COST COVERAGE)

20. Ms. Bhakta incorporates all prior allegations by reference.

21. Pursuant to Section I-Conditions, paragraph "e" to the Policy, State Farm has a duty "the cost of repairing or replacing the lost or damaged property", including but not limited to the replacement of the full Roof at the Motel.

3

22. State Farm has breached Section I-Conditions, paragraph "e" to the Policy through its failure or refusal to provide replacement cost coverage for the replacement of the entire roof as a result of the damage sustained during to the Storm.

23. Ms. Bhakta has sustained $63,153.86, or more as proven by the evidence, as a result of State Farm's breach of contract.

## IV. SECOND THEORY OF RECOVERY
### (BREACH OF CONTRACT: ORDINANCE OR LAW COVERAGE)

24. Ms. Bhakta incorporates all prior allegations by reference.

25. Pursuant to Section I-Extensions of Coverage, paragraph 9 of the Policy, State Farm has a duty to pay to $81,390.00 for the "[i]ncreased cost to comply with the enforcement of an ordinance or law in the course of repair, rebuilding or replacement of damaged parts of that property". (See Section I-Extensions of Coverage, paragraph 9).

26. As a claim for replacement cost coverage under properly casualty policy, State Farm's "repair, rebuilding, or replacement of the damaged parts of [the Motel]" is governed by the regulation promulgated by the Nebraska Department of Insurance at 210 Neb. Admin. Code. § 60-010.01(B). 210 Neb. Admin. Code. § 60-010.01(B) provides:

> When a loss requires replacement of items and the replacement items do not reasonably match in **quality, color or size**, the insurer **shall replace all items in the area so as to conform to a reasonably uniform appearance**.

(Emphasis added).

27. The scope of coverage set forth in the Loss Estimate is in breach of State Farm's duty under the Policy to the "[i]ncreased cost to comply with the enforcement of an ordinance or law in the course of repair, rebuilding or replacement of damaged parts of that property", because the version of the Atlas Roofing Pinnacle Pristine shingles in the "Pristine Sienna" color currently manufactured and available on the market do not "reasonably match" the existing shingles "in quality, color, or size".

28. The installation of 9.33 squares of the version of the Atlas Roofing Pinnacle Pristine in the "Pristine Sienna" color currently manufactured and available on the market, as designated by State Farm in the Loss Estimate, would not "reasonably match" the existing shingles "in quality, color, or size" in at least the following regards:

4

(a) The new shingles would be much darker than the existing shingles, based both on the darkening of the "Pristine Sienna" color by Atlas Roofing relative to the version installed in 2015 and fading to the existing shingles through more than six (6) years of exposure to the elements.

(b) The new shingles would be approximately three inches (3") greater in width than the existing shingles.

(c) The quality of the existing shingles would not reasonably match the newly installed shingles, because the existing shingles have undergone more than six (6) years of wear and tear.

29. Ms. Bhakta has sustained $63,153.86, or more as proven by the evidence, as a result of State Farm's breach of contract.

## V. THIRD THEORY OF RECOVERY
### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

30. Ms. Bhakta incorporates all prior allegations by reference.

31. The covenant of good faith and fair dealing is implied into the Policy as a matter of law.

32. State Farm lacked any reasonable basis for denying the benefits to which the Association is entitled under the Policy and denied such benefits knowingly or reckless disregard for the lack of any reasonable basis.

33. State Farm lacked any reasonable basis for denying the benefits owed to the Ms. Bhakta under the Policy, including but not limited to the full replacement of the Roof through State Farm's knowing or reckless disregard of the condition of the Roof and applicable law, including but not limited to Nebraska Administrative Code Title 210, Chapter 60, Section 010.01(B).

34. State Farm has breached the covenant of good faith and fair dealing by knowingly or recklessly compelling, without any reasonable basis, Ms. Bhakta to institute litigation to recover amounts due under the Policy by offering substantially less than the amount to which Ms. Bhakta is entitled.

35. State Farm has breached the covenant of good faith and fair dealing by knowingly or recklessly, without any reasonable basis, not attempting in good faith to effectuate prompt, fair, and equitable settlement of the Claim after liability became reasonably clear.

36. Ms. Bhakta is entitled, based upon State Farm's breach of the covenant of good faith and fair dealing, to recover the additional $63,153.86 in replacement cost coverage to which Ms. Bhakta was entitled under the Policy and would have received had State Farm not breached the covenant of good faith and fair dealing. In addition, Ms. Bhakta will incur consequential damages, as proximate result of State Farm's breach of the covenant of good faith and fair dealing, including but not limited to fees and expenses owed to Premier Claims for public adjusting services.

## VI. CLAIM FOR RELIEF

**ON THE FOREGOING BASIS,** Plaintiff Radha Bhakta d/b/a The Grand Motel respectfully requests the following relief:

a. Judgment in her favor and against Defendant State Farm Fire and Casualty Company in the amount of $63,153.86, or more as determined by the evidence, and all expenses, court fees, and attorney's fees incurred in litigating this action as allowed by law;

b. An award of attorney's fees in favor of Plaintiff Radha Bhakta d/b/a The Grand Motel and against Defendant State Farm Fire and Casualty Company pursuant to Neb. Rev. Stat. § 44-359;

c. Pre-judgment and post-judgment interest as provided by law; and,

d. All other just relief.

Dated this 13th day of January, 2022.

RADHA BHAKTA d/b/a THE GRAND MOTEL, Plaintiff,

By: *Andrew M. Hollingsead*

Andrew M. Hollingsead   #24876
Michael J. Matukewicz   #20438
LIAKOS & MATUKEWICZ LLC
8701 West Dodge Road, Suite 408
Omaha, Nebraska 68114
(402) 393-1400
ATTORNEYS FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

PLAINTIFF RADHA BHAKTA D/B/A THE GRAND MOTEL RESPECTFULLY DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.